## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | | |
|---|---|---|
| **LAURIE BROOKS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CIVIL ACTION NO.: _____** |
| | * | |
| **JIM PROCTOR, Individually and in his** | * | |
| **Official Capacity as SHERIFF OF** | * | |
| **CAMDEN COUNTY, GEORGIA,** | * | |
| | * | **JURY TRIAL DEMANDED** |
| **Defendants.** | * | |
| | * | |

## <u>COMPLAINT</u>

COMES NOW PLAINTIFF LAURIE BROOKS and files the Complaint against the Defendant JIM PROCTOR, Individually and in his Official Capacity as SHERIFF OF CAMDEN COUNTY, GEORGIA, showing the Court as follows:

## INTRODUCTION

1.

There is a civil rights action for damages and injunctive relief arising out of numerous decisions by Jim Proctor, in his individual capacity and in his official capacity as Sheriff of Camden County, Georgia (alternatively, the Camden County Sheriff's Office or CCSO) and agents thereof to act or fail to act, including allowing a hostile work environment because of gender to fester and materialize, denying

reasonable accommodations for disability terminating Ms. Brooks' employment on the basis of her gender, pregnancy and disability and because of her complaints about such unlawful conduct.

Ms. Brooks is a female citizen of the United States and had a disability related to a medical condition arising from pregnancy. With a doctor's note simultaneously delivered to multiple supervisors, she requested available light duty. Upon request for light duty, either no interaction regarding accommodating Ms. Brooks' need for an accommodation was forthcoming from any CCSO supervisor or, once given, the accommodation was withdrawn and denied expressly because of Ms. Brooks pregnancy. Less than five (5) weeks after Ms. Brooks informed her supervisors that she was pregnant and only a week after she requested available light duty work with her doctor's note, her employment was terminated without prior notice or warning. At that time her employment was terminated, CCSO supervisors could not give her a reason for terminating her employment.

Defendants' conduct violated the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII)*,* the Equal Protection Clause of the 14th Amendment to the United States Constitution, the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. §12101, *et seq*. (ADAAA) and, to the extent necessary, Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 *et seq*. ("Section 504"). Ms. Brooks seeks redress for wonton, reckless and intentional unlawful conduct of

her supervisors and other superiors while she was employed by Defendant CCSO.

## JURISDICTION AND VENUE

2.

Jurisdiction is conferred upon the Court pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3), (a)(4) (civil rights) because the matters in controversy arise under the laws of the United States, to wit, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., the Equal Protection Clause of the 14th Amendment to the Constitution of the United States, the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq*. ("ADAAA") and, to the extent necessary, Section 504 of the Rehabilitation Act of 1973, as amended, 42 U.S.C § 2000d-7 (Rehabilitation Act).

3.

Venue is proper in this Court under 28 U.S.C. § 1391 because it is a district where Defendant resides or does business and where a substantial part of the events giving rise to Ms. Brooks' claims occurred. Venue is further proper under 42 U.S.C. § 2000e-5(f)(3) because it is the district in which the unlawful employment practices were committed.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.

All conditions precedent to jurisdiction under the Civil Rights Act of 1964, as

amended, have occurred, including Ms. Brooks' filing of a timely Charge of Discrimination and Amended Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC), copies of which are attached hereto as Exhibit A, and including issuance by the EEOC of a Notice of Right to Sue, a copy of which is attached hereto as Exhibit B.[1]   Ms. Brooks has timely filed the action within ninety (90) days of receipt of the EEOC Notice of Right to Sue dated October 25, 2022.

## PARTIES

### 5.

Plaintiff Laurie Brooks is a female citizen of the United States and now a resident of the State of Florida and Nassau County.  She was employed by the Camden County Sheriff's Office (alternatively, "CCSO') in Camden County, Georgia when her employment was unlawfully terminated.

### 6.

Ms. Brooks wasis, and at all relevant times was, an "individual with a disability" within the meaning of Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794, which incorporates by reference the standards of the ADAAA.[2]

---

[1] Ms. Brooks has regained her maiden last name after filing her Charge of Discrimination under her then married name, Laurie Johnston.

[2] "The standards used to determine whether [Section 504 of the Rehabilitation Act] has been violated in a complaint alleging employment discrimination under the section shall be the standards applied under title I of the Americans

7.

At all relevant times, Ms. Brooks was and is a "qualified individual" as defined by 42 U.S.C. § 12111(8) of the ADAAA and §504 of the Rehabilitation Act because she was able to perform the essential functions of her position as a corrections officer with CCSO, with or without reasonable accommodation.

8.

Defendant CCSO is a governmental entity organized and existing under the laws of the State of Georgia.

9.

Defendant is, and was at all times relevant to the action, an "employer" as that term is defined in Title VII and the ADAAA engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5) and has employed over five hundred (500) persons for the requisite duration as provided in 42 U.S.C. § 1981a(b)(3).

10.

Defendant receives substantial funding from the federal government as the result of grants and contracts with federal agencies.

---

with Disabilities Act of 1990 (42 U.S.C. 12111 et seq.) and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201 to 12204 and 12210), as such sections relate to employment." 29 U.S.C. § 794(d).

11.

As a recipient of federal funding, Defendant CCSO was subject to the requirements of Section 504 of the Rehabilitation Act and the requirements of the ADAAA, including without limitation the requirement that it not subject otherwise qualified individuals with disabilities to discrimination on the basis of their disability.

12.

Defendants may both be served by personal service on CCSO's chief executive officer, Sherriff James Proctor at its principal office located at 209 East 4th Street, Woodbine, Georgia 31569.

**STATEMENT OF FACTS**

13.

Plaintiff Laurie Brooks was first employed by the Camden County Sheriff's Office as a "Correctional Officer" at its Woodbine, Georgia facility on approximately June 6, 2020.

14.

Immediately after beginning her employment with CCSO, her supervisor, Officer Jordan Malone, made advances seeking to "hook up" with Ms. Malone. Unsatisfied with Ms. Brooks declining the opportunity, Mr. Malone retaliated, beginning first with frequent comments about her body, the vulgarity of which might

only be exceeded by their number and frequency.  He expressed to Ms. Brooks the "adrenaline" he experienced from cheating on his wife and implied that Ms. Brooks would cheat on or engage in specified sex acts with her husband.  He invited other correction officers to contact Ms. Brooks with suggestions she would have an interest in "hooking up" with them.

15.

The following month, in July 2020, Officer Malone, denied Ms. Brooks leave to visit her seriously ill daughter in the hospital.  She complained to Officer Malone's supervisors who, after learning the circumstances, granted her leave.  Upon her return to work two days later, Ms. Brooks was accused by Officer Malone of being a "snitch."

16.

After being labeled a "snitch," Officer Malone began assigning Ms. Brooks tasks to perform alone that are usually performed by three or more staff, once denying a restroom break for over 9 hours, knowing Ms. Brooks was on her menstrual cycle.

17.

When Officer Malone's supervisor, Lt. Eric Watson was informed of the denied restroom break, he expressed humor to Ms. Brooks that he would "have whipped it out and pissed on the deck."  At Ms. Brooks' suggestion that she would

have been fired for such conduct, Lt. Watson denied that he would have fired her – stating he would only have given her a disciplinary write-up.

18.

In his effort to get an eventual "hook up" and/or to retaliate against Ms. Brooks for declining his advances, Mr. Malone instigated a number of false or unwarranted disciplinary write-ups for Ms. Brooks from August 2020 through February 2021.  These disciplinary write-ups were used by CCSO in the EEOC administrative process as post-hoc justification for terminating her employment.

19.

When Ms. Brooks was hospitalized for three days in October 2020, Officer Malone insisted to Ms. Brooks via text that he be allowed to visit her in the hospital. Ms.  Brooks denied Officer Malone that opportunity whereupon he accused Ms. Brooks of lying about her hospitalization.  He also complained that other correction officers would work with pregnant spouses and would work when they were sick.

20.

Officed Malone complained that Ms. Brooks "let us down,"  and that he "can't trust you."

21.

In late October 2020, Officer Malone directed a tazer at Ms. Brooks and pulled the trigger.  The incident was reported to Lt. Watson who commented that the marks

on Ms. Brooks leg looked like "bug bites" when he knew perfectly well the appearance of a tazer wound. Officer Malone suffered no disciplinary consequence.

22.

In late January 2021, Ms. Brooks witnessed the unlawful beating given by Officer Malone to inmate Adam Drummond, a matter this Court has before it in *Drummond v. Camden County Sheriff Jim Proctor, et al.*, Civil Action No. 2:22-CV-00033-LGW-BWC.

23.

After the Drummond incident, in February 2021, Ms. Brooks brought to the attention of Mr. Malone's supervisors a fuller list of the abusive conduct Mr. Malone directed toward her, explaining that his conduct was a consequence of her denial of his sexual advances. She requested a shift transfer. Lt. Watson laughed at her request for a shift change, stating, "we are not going to move you around every time you have an issue." The transfer request was denied at that time.

24.

Upon an alleged general staff rearrangement approximately two weeks later, however, Ms. Brooks was transferred to a different shift with a different supervisor.

25.

Upon transfer to the different shift, Ms. Brooks performed her job without disciplinary incident through the day her employment was terminated, as set forth

below.  Until her supervisors became aware of her pregnancy on or about April 21, 2020 - nothing happened.  The disciplinary write-ups ended.

26.

On April 21, 2021, Ms. Brooks notified her supervisors of her pregnancy by delivering them a note from a physician submitted in part to excuse an absence, which note additionally informed them that she was pregnant.

27.

She specifically informed Major Robert Mastroianni of her pregnancy, whereupon he asked Ms. Brooks, "what are you going to do now?"  Ms. Brooks expressed concern for health conditions, requesting specifically that she not be assigned to duties that might involve a use-of-force incident.  No further interaction was offered by Major Mastroianni and no further action was taken by him in response to Ms. Brooks' request.

28.

Less than two weeks later, Ms. Brooks was required to intervene to control an inmate, causing her physical injury related to her pregnancy and later diagnosed as two subchorionic hematomas, posing substantial risk to the health of her unborn child and to her own health.

29.

Ms. Brooks was a few weeks pregnant on May 19, 2021 when her doctor gave her a note for her employer, explaining that she needed a light duty assignment because of serious medical conditions related to her pregnancy.

30.

The doctor's note requesting light duty was provided to her new immediate supervisor, Sgt. Beauchamp, and to multiple supervisors up the chain of command, including the new Staff Sgt., Betty Furlow (who was designated the new Staff Sgt. after her predecessor's employment was terminated for reporting the unlawful conduct associated with the Drummond incident described above).  Staff Sgt. Furlow was ill-suited for the job.

31.

That same day of May 19, 2021, Ms. Brooks requested directly from her supervisor Sgt. Beauchamp – and Sgt. Beauchamp provided Ms. Brooks – light duty work in the control room.

32.

A few days after Sgt. Beauchamp provided Ms. Brooks the light duty position, Staff Sgt. Furlow told Sgt. Beauchamp that Ms. Brooks "can't sit at a desk all day; she's no better than anyone else because she's pregnant."

33.

Ms. Brooks was immediately removed from her light duty position and no further interaction with Ms. Brooks was sought or undertaken.

34.

Only one week later, after having no disciplinary warnings or other complaint from the time she was moved from the supervision of Officer Malone in February 2021, Ms. Brooks received two "Employee Warning Reports" on May 27, 2021 and was terminated that day.

35.

Ms. Brooks inquired of Sgt. Furlow and Lt. Watson why her employment was terminated, neither could give her a reason.

36.

Ms. Brooks always performed her positions of employment at a satisfactory level under the policies and practices of the CCSO.

## **COUNT ONE**

**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT – TERMINATION OF EMPLOYMENT BECAUSE OF GENDER AND PREGNANCY**

37.

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of gender and pregnancy.

38.

When it adopted the Pregnancy Discrimination Act, Congress amended Title VII to provide that discrimination on the basis of gender includes discrimination "on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C. §§ 2000e(k). See also 42 U.S.C. § 2000e2.

39.

Ms. Brooks' employment was terminated approximately five (5) weeks after she informed all her supervisors that she was pregnant and requested an accommodation from Mr. Mastroianni, and only one week after she informed all of her supervisors that she required an accommodation for a pregnancy-related medical condition.

40.

Major Mastroianni's failure to interact or otherwise discuss the requested accommodation was followed by a use-of-force incident which caused Ms. Brooks to be injured with subchorionic hematomas, posing substantial risk to the health of her unborn child and to her own health.

41.

The accommodation of light duty was withdrawn and denied by Staff Sgt. Furlow expressly because Ms. Brooks was pregnant and without further discussion or interaction between Ms. Brooks and any supervisor.

42.

Ms. Brooks' physical injury would not have occurred but for her supervisors' malicious withdrawal and denial of the accommodation for her pregnancy-related medical condition.

43.

Ms. Brooks' employment was terminated of the basis of her gender and on the basis of her pregnancy.

44.

In terminating Ms. Brooks' employment, Defendant Jim Proctor, in his official capacity as Sheriff of Camden County, discriminated against Ms. Brooks in violation of Title VII of the Civil Rights Act of 1964 on the basis of her gender and on the basis of her pregnancy.

45.

In terminating Ms. Brooks' employment, Defendant Jim Proctor, individually and in his official capacity as Sheriff of Camden County, discriminated against Ms. Brooks because of her gender in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States, relief for which is sought through 42 U.S.C. § 1983.

46.

The employment of female and male employees similar in their ability or

inability to work was not terminated under similar circumstances.

47.

Ms. Brooks' gender and her pregnancy were motivating factors underlying Defendants' failure to accommodate Ms. Brooks' pregnancy-related medical conditions.

48.

Ms. Brooks' gender and her pregnancy were determinative and motivating factors underlying Defendants' actions to terminate Ms. Brooks' employment.

49.

At minimum, the facts underlying all of Ms. Brooks' claims present a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination.

50.

The reasons given by Defendants for denial of Ms. Brooks' rights and for termination of her employment are false and a pretext for the discriminatory motivations underlying Defendants' actions.

51.

The unlawful conduct of Defendants was committed intentionally and, as a direct, legal, and proximate result thereof, Ms. Brooks suffered significant financial loss, emotional distress, and physical injuries to be proved at trial.

52.

Accordingly, Ms. Brooks seeks compensatory, punitive, and other damages and expenses allowed by law against Camden County Sheriff's Office and Sheriff Jim Proctor, as appropriate, in an amount to be proved at trial.

53.

Ms. Brooks further seeks all available declaratory and equitable relief against Defendants Camden County Sheriff's Office and Jim Proctor, and for Ms. Brooks, as appropriate.

## **COUNT TWO**

## **RETALIATION BECAUSE OF PROTECTED ACTIVITY UNDER THE CIVIL RIGHTS ACT OF 1964**

54.

Ms. Brooks was propositioned for sex by her supervisor and rejected those advances.

55.

Ms. Brooks complained to that supervisor that she would not have sex with him, and she complained to that supervisor's supervisors about such conduct.

56.

Ms. Brooks' complaints to CCSO superiors were made in an appropriate and professional manner and in a time and manner consistent with the human resource policies of her employer.

57.

In response to her complaints, her supervisors with the CCSO failed to effectively respond – or failed to respond at all – to Ms. Brooks' complaints; the unlawful conduct and further harassment continued from day-to-day until shortly before her employment was unlawfully terminated.

58.

Defendant CCSO intentionally retaliated against Ms. Brooks, without limitation, by harassing her with intentional failure to take action to provide a safe workplace, false allegations of policy violations, and terminating her employment – all on the basis of her gender and on the basis of her pregnancy – because she opposed their unlawful conduct under Title VII of the Civil Rights Act of 1964.

59.

The unlawful retaliatory conduct of the CCSO was committed intentionally and, as a direct, legal, and proximate result thereof, Ms. Brooks suffered significant financial loss, emotional distress, and physical injuries to be proved at trial.

60.

The CCSO's conduct was carried out by and with the knowledge of multiple layers of management and was reckless, willful, deliberate, and in conscious disregard of Ms. Brooks' federally protected rights, such that an award of punitive damages is appropriate.

61.

Accordingly, Ms. Brooks seeks compensatory, punitive, and other damages and expenses allowed by law against Defendant CCSO in an amount to be proved at trial.

62.

Ms. Brooks further seeks all available declaratory and equitable relief against the CCSO and for Ms. Brooks, as appropriate.

## COUNT THREE

### HOSTILE WORK ENVIRONMENT BECAUSE OF GENDER UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

63.

Ms. Brooks' superiors subjected her to harassment because of her gender, and that harassment was, objectively and subjectively, severe and pervasive such that it altered the conditions of her employment and created a hostile and abusive work environment in violation of Title VII of the Civil Rights Act of 1964.

64.

The harassment attributable to the actions and inactions of Officer Malone and his and Ms. Brooks' supervisors was unrelenting, occurring frequently and in the context of a potentially perilous environment of a demonstrably violent County jail.

65.

As set forth in detail above, Ms. Brooks complained through the Defendant CCSO's chain of command to prevent and correct the ongoing harassment and to seek prompt remedial action, but no such remedial action was forthcoming.

66.

These discriminatory actions and inactions of Defendant CCSO were committed intentionally and, as a direct, legal and proximate result of Defendant CCSO' actions and inactions, as described herein, Ms. Brooks suffered significant financial loss, emotional distress and physical injuries to be proved at trial.

67.

Defendant CCSO's conduct was carried out by and with the knowledge of multiple layers of management and was reckless, willful, deliberate, and in conscious disregard of Ms. Brooks' federally protected rights, such that an award of punitive damages is appropriate.

68.

Accordingly, Ms. Brooks seeks compensatory, punitive and other damages and expenses allowed by law against Defendant CCSO in an amount to be proved at trial.

69.

Ms. Brooks further seeks all available declaratory and equitable relief against Defendant CCSO and for Ms. Brooks, as appropriate.

## **COUNT FOUR**

### **THE REHABILITATION ACT AND THE ADAAA – DISCRIMINATION BASED ON THE FAILURE TO REASONABLY ACCOMMODATE**

70.

At all times relevant to the Complaint, Ms. Brooks' pregnancy-related medical conditions were a "disability" within the meaning of the ADAAA and the Rehabilitation Act.

71.

At all times relevant to the Complaint, Ms. Brooks' pregnancy-related medical conditions substantially limited one or more of her major life activities, including but not limited working pursuant to 42 U.S.C. § 12102(2)(A).

72.

At all times, Ms. Brooks was able to perform all of the essential functions of her position with or without a reasonable accommodation.

73.

Defendant CCSO discriminated against Ms. Brooks in violation of the ADAAA and the Rehabilitation Act on the basis of her known disability when Major

Mastroianni failed to interact or otherwise provide an accommodation in response to her specific request that she not be assigned to duties that might involve a use-of-force incident, and when Staff Sgt. Furlow withdrew and denied her accommodation specifically because of her pregnancy and failed to interact with her regarding her request for an accommodation of her pregnancy-related medical condition.

74.

The accommodation would have allowed her to continue working at CCSO while fulfilling the essential functions of her position, and Defendant CCSO would not have had significant difficulty or expense in providing Ms. Brooks the accommodations of allowing her to work in alternative available light-duty positions.

75.

Ms. Brooks suffered and continues to suffer damages as a result of Defendant CCSO's unlawful actions.

76.

CCSO intentionally violated the Rehabilitation Act and the ADAAA and acted with malice or reckless indifference to Ms. Brooks' federally protected rights.

77.

The unlawful discriminatory conduct of the CCSO was committed intentionally and, as a direct, legal, and proximate result thereof, Ms. Brooks

suffered significant financial loss, emotional distress, and physical injuries to be proved at trial.

78.

The CCSO's conduct was carried out by and with the knowledge of multiple layers of management and was knowing, reckless, willful, deliberate, and in conscious disregard of Ms. Brooks' federally protected rights, such that an award of punitive damages is appropriate.

79.

Accordingly, Ms. Brooks seeks compensatory, punitive, and other damages and expenses allowed by law against Defendant CCSO in an amount to be proved at trial.

80.

Ms. Brooks further seeks all available declaratory and equitable relief against the Defendant CCSO and for Ms. Brooks, as appropriate.

## **COUNT FIVE**

### **THE REHABILITATION ACT AND THE ADAAA – RETALIATION AND COERCION BECAUSE OF PROTECTED ACTIVITY**

81.

As a direct and proximate result of Ms. Brooks having requested reasonable accommodations, including without limitation a request that she allowed to work an

available light-duty job, Defendant CCSO violated the Rehabilitation Act and the ADAAA in retaliating against Ms. Brooks by terminating her employment.   42 U.S.C. § 12203(a).

82.

Under the circumstances of Ms. Brooks' disability and her specific requests for accommodation, the Rehabilitation Act and the ADAAA require the CCSO to have provided Ms. Brooks the available reasonable accommodation light-duty job.

83.

The Rehabilitation Act and the ADAAA require CCSO to have provided Ms. Brooks a reasonable accommodation allowing her to continue to successfully perform the essential function of the corrections officer job, whether that accommodation was the available light-duty position as specifically requested by Ms. Brooks or an accommodation arising out of an interactive dialogue with Ms. Brooks, which dialogue never occurred or was abandoned by CCSO.

84.

After requesting the specific accommodation of an available light-duty position, CCSO retaliated against Ms. Brooks by failing to interact with her regarding the specific requested accommodations and by terminating her employment, in violation of the Rehabilitation Act and the ADAAA.  42 U.S.C. § 12203(a).

85.

In failing to consider her specific requested accommodations, by failing to engage in an interactive dialogue with Ms. Brooks, and by Staff Sgt. Furlow's withdrawal and denial of the specific accommodation of light duty, CCSO violated the ADAAA and the Rehabilitation Act by interfering with Ms. Brooks's exercise and enjoyment of ADAAA and Rehabilitation Act rights, including without limitation her right to a reasonable accommodation thereunder.  42 U.S.C. § 12203(b).

86.

As a direct and proximate result of Defendant CCSO's intentional retaliation and interference, Ms. Brooks suffered and continues to suffer damages, including without limitation lost income and other job-related benefits, physical and emotional distress, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.  42 U.S.C. § 12117(a), 42 U.S.C. §§ 1981(a)(2), 1981a(b).

87.

Moreover, Ms. Brooks is entitled to reinstatement to employment by Defendant CCSO and, if reinstatement is not feasible under the circumstances, she is entitled to an award of damages for future lost wages and benefits of employment. 42 U.S.C. § 12117(a).

88.

Ms. Brooks further seeks all available declaratory and equitable relief against the Defendant CCSO and for Ms. Brooks, as appropriate.

## COUNT SIX

### THE REHABILITATION ACT AND THE ADAAA – "REGARDED AS" DISCRIMINATION

89.

Defendant CCSO regarded Ms. Brooks pregnancy-related physical impairments as a disability, and as impairments that prevented her from performing the essential functions of her position of employment.

90.

Defendant CCSO intentionally, and with reckless indifference to Ms. Brooks' rights, violated Section 504 of the Rehabilitation Act and the ADAAA (42 U.S.C. § 12112) by terminating her employment based on a perceived or actual physical impairment – her pregnancy-related medical conditions – despite the clear prohibition of taking adverse action against otherwise qualified individuals on that basis, as set forth in the ADAAA and the Rehabilitation Act.

91.

As a direct and proximate result of Defendant CCSO's intentional discrimination, Ms. Brooks has suffered out-of-pocket losses and has been deprived

of job-related economic benefits, including income in the form of wages and other job-related benefits, including without limitation health insurance and life insurance benefits, all in an amount to be established at trial.

92.

In addition, Defendant CCSO's actions have caused, continue to cause, and will cause Ms. Brooks to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

93.

Moreover, Ms. Brooks is entitled to be reinstated to employment by Defendant CCSO and, if reinstatement is not feasible under the circumstances, she is entitled to an award of damages for future lost wages and benefits of employment.

94.

Ms. Brooks further seeks all available declaratory and equitable relief against the Defendant CCSO and for Ms. Brooks, as appropriate.

## COUNT SEVEN

### THE REHABILITATION ACT AND THE ADAAA – DISCRIMINATION ON THE BASIS OF DISCRIMINATION

95.

At all times relevant to the Complaint, Ms. Brooks had a disability within the

meaning of the Rehabilitation Act and the ADAAA.

96.

At all times relevant to the Complaint, Ms. Brooks had a condition that substantially limited one or more major life activities, including but not limited to working pursuant to 42 U.S.C. § 12102(2)(A).

97.

Ms. Brooks was able to perform all of the essential functions of her corrections officer position with the reasonable accommodation of an available light-duty position.

98.

Defendant CCSO was unable to give her a reason at the time of its decision to terminate her employment.   The real reason CCSO terminated Ms. Brooks' employment is because she had a disability.

99.

Defendant CCSO's termination of Ms. Brooks' employment violated Section 504 of the Rehabilitation Act and the ADAAA which prohibit discrimination against qualified individuals because of an actual or perceived physical impairment.

100.

Defendant CCSO intentionally, and with reckless indifference to Ms. Brooks' federally protected rights, violated Section 504 of the Rehabilitation Act and the

ADAAA by terminating her employment based on a disability, despite the clear prohibition of taking adverse action against qualified individuals on that basis as set forth in the ADAAA and the Rehabilitation Act.

101.

As a direct and proximate result of Defendant CCSO's intentional discrimination, Ms. Brooks has suffered out-of-pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including without limitation health insurance and life insurance benefits, all in an amount to be established at trial.

102.

In addition, Defendant CCSO's actions have caused, continue to cause, and will cause Ms. Brooks to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

103.

Moreover, Ms. Brooks is entitled to be reinstated to employment by Defendant CCSO and, if reinstatement is not feasible under the circumstances, she is entitled to an award of damages for future lost wages and benefits of employment.

104.

Ms. Brooks further seeks all available declaratory and equitable relief against the Defendant CCSO and for Ms. Brooks, as appropriate.

## COUNT EIGHT

### THE REHABILITATION ACT AND THE ADAAA – RECORD OF DISABILITY DISCRIMINATION

105.

At the time her employment was terminated, Ms. Brooks had a record of disability as defined by Section 504 and the ADAAA in that she had a history of a substantially limiting physical impairment.

106.

Defendant CCSO's discharge of Ms. Brooks violated Section 504 of the Rehabilitation Act and the ADAAA which prohibit discrimination against qualified individuals because of disability, including because qualified individuals have a record of disability.

107.

Defendant CCSO intentionally, with reckless indifference to Ms. Brooks' rights, violated Section 504 of the Rehabilitation Act and the ADAAA by terminating Ms. Brooks employment, despite the ADAAA and the Rehabilitation

Act's clear prohibition of taking adverse action against qualified individuals based on a record of disability.  42 U.S.C. § 12102(1)(B).

108.

Ms. Brooks further seeks all available declaratory and equitable relief against the Defendant CCSO and for Ms. Brooks, as appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court:

(a)     Take jurisdiction of the matter and declare that Ms. Brooks' rights under Title VII of the Civil Rights Act of 1964, the Equal Protection Clause of the 14th Amendment to the Constitution of the United States, the ADAAA and the Rehabilitation Act were violated by Jim Proctor and/or the Camden County Sheriff's Office, as appropriate;

(b)     Permanently enjoin Defendants from further discriminating against Ms. Brooks because of her gender;

(c)     Award Ms. Brooks compensatory damages, including without limitation, all lost wages, benefits, and other losses incurred as a result of Defendants' unlawful discrimination;

(d)     Order Defendants to rehire Ms. Brooks into her previous position of employment, or to award her front pay, as just, equitable and appropriate;

(e)     Award Ms. Brooks pre-judgment and post-judgment interest;

(f)     Award Ms. Brooks her costs and expenses of the action, including

reasonable attorney fees as authorized by law;

(g)     Grant a trial by jury; and

(h)     Award such other and further legal and equitable relief as will

effectuate the purposes of the referenced statutes or as the Court deems

just and proper.

RESPECTFULLY SUBMITTED, the 23rd day of January 2023.


                                        */s/ S. Wesley Woolf*
                                        S. WESLEY WOOLF
                                        Georgia Bar No. 776175
                                        *Attorney for Plaintiff*

WOOLF LAW FIRM
408 East Bay Street
Savannah, Georgia 31401
T:  (912) 201-3696
F:  (912) 236-1884
woolf@woolflawfirm.net

# EXHIBIT A

*Brooks v. Proctor*
Complaint – Exhibit A
EEOC Charge of Discrimination

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 415-2022-00139 |

_____ and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Laurie Johnston** | **(904) 321-7230** | **10/12/2021** |

| Street Address | City, State and ZIP Code |
|---|---|
| **296 Morris Road, White Oak, Georgia 31568** | |
| **lauriebrookej@gmail.com** | |

| Name | No. Employees, Members | Phone No. *(Include Area* |
|---|---|---|
| **Camden County Sheriff's Office** | **100+** | **(912) 510-5100** |

| Street Address | City, State and ZIP Code |
|---|---|
| **209 East 4ᵗʰ Street, Woodbine, Georgia 31569** | |

| Name | No. Employees, Members | Phone No. *(Include Area* |
|---|---|---|
| **\* Sheriff Jim Proctor – sheriff@co.camden.ga.us** | | |

| Street Address | City, State and ZIP Code |
|---|---|
| **\* Sheriff's Assistant – Brianna Turner – bmturner@co.camden.ga.us** | |

| | | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|---|
| | | Earliest                    Latest |

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

**05/28/2021**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was employed by the Camden County Sheriff's Office, beginning on June 6, 2020 and ending on May 28, 2021.

I became pregnant and I notified my supervisors of my pregnancy approximately one week before my employment was terminated. At the same time that I notified my supervisors of my pregnancy, I delivered to them a note from my doctor that I needed light duty assignments because of medical conditions related to my pregnancy. On the morning of May 27, 2021, one day before I was told my employment was terminated, I received two disciplinary write-ups, one write-up for using my cell phone and another write-up for another employee logging into a computer system under my name to book prisoners (while I was training this other employee). There is no rule against using a cell phone and both of these alleged rule violations have been committed numerous times by male co-workers without disciplinary consequence. When I asked why my employment was being terminated, three different superiors could not give me a reason.

I believe that I was discriminated against on the basis of gender, and on the basis of my pregnancy and related medical conditions, in violation of Title VII of the Civil Rights Act of 1964, as amended, the Pregnancy Discrimination Act, and the Americans with Disabilities Amendments Act.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY -- *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge. information and belief. SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| 10/27/2021          *Charging Party Signature* | 10/27/2021 |
| *Date* | |

U.S. EEOC Savannah Local Office
Received November 03, 2021

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | **Amended Charge** |
| | ☒ EEOC | 415-2022-00139 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Laurie Johnston** | **(904) 321-7230** | **10/12/2021** |

| Street Address | City, State and ZIP Code |
|---|---|
| **296 Morris Road, White Oak, Georgia 31568** | |
| **lauriebrookej@gmail.com** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Camden County Sheriff's Office** | **100+** | **(912) 510-5100** |

| Street Address | City, State and ZIP Code |
|---|---|
| **209 East 4th Street, Woodbine, Georgia 31569** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **\* Sheriff Jim Proctor – sheriff@co.camden.ga.us** | | |

| Street Address | City, State and ZIP Code |
|---|---|
| **\* Sheriff's Assistant – Brianna Turner – bmturner@co.camden.ga.us** | |

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                    Latest
**05/28/2021**

| ☐ RACE | ☐ COLOR | ☒ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN |
|---|---|---|---|---|
| ☒ RETALIATION | ☐ AGE | ☒ DISABILITY | ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | | | | |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I amend this Charge of Discrimination to make clear that the Camden County Sheriff's Office (CCSO) retaliated against me for requesting an accommodation of my medical condition related in substantial part to my pregnancy.

Further, in its Position Statement, CCSO has offered numerous factual circumstances related to and growing out of my original Charge of Discrimination. Those circumstances, including those counseling documents, relate to a pattern of bullying conduct from male employees known to management. Similarly situated male employees of the CCSO were not bullied or counseled.

I believe that I was discriminated against on the basis of gender, and on the basis of my pregnancy and related medical conditions, and my employer retaliated when I requested an accommodation or complained, all in violation of Title VII of the Civil Rights Act of 1964, as amended, the Pregnancy Discrimination Act, and the Americans with Disabilities Amendments Act.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 1/21/2022     *Laurie Johnston* | |
| Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

# EXHIBIT B

*Brooks v. Proctor*
Complaint – Exhibit B
EEOC Notice of Right to Sue

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | | |
|---|---|---|
| To:   **Laurie B. Johnston**<br>**296 Morris Road**<br>**White Oak, GA 31568** | | From:   **Savannah Local Office**<br>**7391 Hodgson Memorial Drive,  Suite 200**<br>**Savannah, GA 31406** |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **415-2022-00139** | **Jennifer Bessick,**<br>**Investigator** | **9123582786** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

　　　More than 180 days have passed since the filing of this charge.

　　　The EEOC is terminating its processing of this charge.

***Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By:Darrell Graham
10/25/2022

Enclosures(s)

**Darrell Graham**
**District Director**

cc:   **Brianna Turner**
**CAMDEN COUNTY SHERIFF'S OFFICE**
**P.O. Box 699**
**Woodbine, GA 31569**
**Bradley J Watkins**
**BROWN, READDICK, BUMGARTNER, CARTER, STRICKLAND & WATKINS, L**
**5 Glynn Ave.**
**Brunswick, GA 31520**

**Wesley Woolf**
**WOOLF LAW FIRM**
**408 East Bay Street**
**Savannah, GA 31401**

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***